JOHNSON, Judge.
This is an appeal from a final judgment entered upon a jury verdict in favor of the appellees.
This was an action in condemnation for road right-of-way involving the appellants and other defendant property owners, who are not parties to this appeal. This appeal applies only to these appellants and affects only the following described parcel of land, to wit:
Lot 12, Block 12 of Lake Geneva.
*384 By its amended complaint, the appellee, State Road Department, contended that the State had a right-of-way on said property by virtue of a reservation contained in a deed from the Trustees of the Internal Improvement Fund of Florida, to C. J. For-syth, a predecessor in title to the appellants, which deed purports to convey the above described land to Mr. Forsyth.
Paragraph 4 of this deed contains the description of the lot conveyed and this further language:
“AS TO LANDS IN TRACTS OR COMPOSITE TRACTS AGGREGATING TEN (10) ACRES OR MORE: RESERVING unto the State of Florida the title to an undivided one-half of all petroleum and petroleum products, and title to an undivided three-fourths of all other minerals which may be found on or under the said land, together with the right to explore for and to mine and develop the same; and further
“RESERVING unto the State of Florida easement for State Road Right of Way Two Hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within One Hundred (100) feet of said center line.”
The date of this deed was July 11, 1944.
The State Road Department contended by its amended complaint that there was a right-of-way reservation as shown in the deed, paragraph 4 of which is cited supra, as to Lot 12, and by said amendment also reduced its valuation of the property being condemned for road purposes. This amendment was permitted by the late Judge Edwin L. Jones, Circuit Judge. The appellants-defendants below, filed a motion to strike that portion of said amendment that claimed the reservation of right-of-way for Lot 12, because it contained less than 10 acres. This motion was denied by Hon. Roger J. Waybright, by an order dated April 13, 1967, but in said order, the court made the statement that: “This Court considers that the reservation of an easement for road right of way in the deed does not apply to tracts of less than 10 acres, finds in the court file no factual basis for a finding that a tract of less than 10 acres is involved. For that and other reasons, the court does not feel that striking the allegations from the amended petition is the proper procedural approach to the problem.”
We can agree with Judge Waybright, because at this stage of the proceeding there was nothing in the record by way of evidence or proof as to the size of the lot in question. As to the phrase “and other reasons,” we are convinced that the court could only have meant that the proper procedural approach to the problem was by way of a defensive answer or affirmative pleading establishing the fact that said lot was less than 10 acres.
It is to be remembered, however, that Judge Waybright did say that he considered the reservation in the deed did not apply to parcels of less than 10 acres.
An amended answer was filed in which the defendants denied the existence of the reservation. Thereafter a motion for partial summary judgment was made by the defendants, asking that the claimed right of way reservation be declared to not apply as to said Lot 12. Attached to said motion was an affidavit of an English professor at the University of Florida giving his construction of the language used in the deed and cited by us supra, as paragraph 4 of the deed, with which construction we agree. We think the sentence structure and language used is susceptive of only one construction, which is the same as found by Judge Waybright in his order, cited supra, to the effect that the reservation does not apply to parcels under 10 acres. Then, there was the further affidavit of the defendant to the effect that the lot in question was only 50 feet by 140 feet, much smaller than 10 acres.
This motion was heard by a third Circuit Judge in this case, Hon. Marion W. Good-ing, and he reversed the finding and con *385 struction of Judge Waybright as to the reservation in the deed and said that the reservation contained in the deed from the Trustees of the Internal Improvement Fund applies to any parcel of land described in the deed regardless of size.
We cannot agree with this latter decision of the trial court. The reservation in question consisted of one sentence bisected by a colon and a semicolon, only. To us the sentence structure is clear. But in further support of the correctness of this construction, we might point out that to give the construction given by the last trial judge, the State would be reserving a 200 foot right of way on a 140 foot lot, so that the State would not in fact be conveying to the purchaser anything. This is contrary to logic and reason, and we therefore contend that the purpose of the reservation being limited to parcels over 10 acres was primarily to avoid the situation of the reservation being larger than the parcel purported to be conveyed.
“Deeds to public lands, like other deeds, will be given a reasonable construction and the courts will endeavor to ascertain the real intention of the parties from the whole instrument * * * ” 26 Fla.Jur. § 132. We ask the question: Did the Trustees intend to convey nothing by their deed, inasmuch as the reservation, taken either way, was larger than the parcel conveyed? Our answer to this question is in the negative.
We think the trial court was in error in not granting the last motion for partial summary judgment, for our reasons and interpretation of the Trustees’ deed, as stated supra, and did err in finding that the reservation of the road right of way in said Trustees’ deed applied to any parcels described in said deed and was not qualified by the language relating to the size of the parcels.
The appellees have attached as an appendix to their brief certain excerpts of resolutions of the Trustees. This is the first time these have been brought up. Nothing pertaining to these excerpts was before the lower court and the placing thereof in the appendix in this court for the first time is contrary to all rules of procedure and attorneys for the appellees should know this. The appellants in their reply brief have asked that such matter being de hors the record, be stricken, and we do strike the same.
The appellants are entitled to attorneys fees commensurate with the original estimate of value in the lower court, prior to the amendment to the complaint, and the trial court is directed to award such fees to the appellants.
Said cause is reversed and remanded to the trial court for further proceedings in accordance to the mandate of this court.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.