534 So.2d 754 (1988)
Patricia THORNBER, John Franklin and al Grant, Appellant,
v.
CITY OF FORT WALTON BEACH, Appellee.
No. 88-99.
District Court of Appeal of Florida, First District.
November 15, 1988.
*755 George E. Day, Fort Walton Beach, for appellant.
James E. Moore, Niceville, for appellee.
PER CURIAM.
Appellant moved to "amend" the record on appeal with newspaper articles and the recorded minutes of the Fort Walton Beach city council meeting. The council minutes concerned the appearance of the trial court judge before the city council on an issue unrelated to these proceedings. The newspaper articles appellant sought to include in the record concerned the city council meeting and a report of the trial court ruling in this case. Appellee responded to the motion to "amend". This court denied the motion to "amend" the record on appeal and issued an order directing counsel for appellant, George E. Day, to show cause why he should not be sanctioned for his disregard of the appellate rules of procedure. In response to the show cause order, counsel for appellant continued to argue that the documents he seeks to have this court consider are properly contained in the record.
It is axiomatic that appellate review is confined to the record on appeal. Sheldon v. Tiernan, 147 So.2d 593 (Fla. 2d DCA 1962); Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla. 1st DCA 1962). Rule 9.200(a)(1) of the Florida Rules of Appellate Procedure states that the "record shall consist of the original documents, exhibits, and transcripts of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices, depositions, other discovery and physical evidence." The committee notes to the rule make clear that Rule 9.200(a)(1) establishes the context of the record. Appellant may direct the clerk of the lower tribunal to exclude portions of the record but appellee is afforded an opportunity to direct the clerk to include additional documents and exhibits that were before the lower tribunal. Rule 9.200(a)(2), Florida Rules of Appellate Procedure.
That an appellate court may not consider matters outside the record is so elemental there is no excuse for an attorney to attempt to bring such matters before the court. Altchiler v. State of Florida Department of Professional Regulation, Division of Professions, Board of Dentistry, 442 So.2d 349 (Fla. 1st DCA 1983); Mann v. State Road Department, 223 So.2d 383 (Fla. 1st DCA 1969). It is the lower tribunal that is the court of record. As such, its judgments or decrees are to be supported, as well as tested by what its record in a particular case may show. Atlas Land Corp. v. Norman, 116 Fla. 800, 156 So. 885 (1934). An appeal has never been an evidentiary proceeding; it is a proceeding to review a judgment or order of a lower tribunal based on the record before that tribunal. An appellate court will not consider evidence that was not presented to the lower tribunal because the function of an appellate court is to determine whether the lower tribunal committed error based on the issues and evidence before it. Hillsborough County Board of County Commissioners v. Public Employees Relations Commission, 424 So.2d 132 (Fla. 1st DCA 1982); Tyson v. Aikman, 159 Fla. 273, 31 So.2d 272 (1947); and Seashole v. F & H of Jacksonville, Inc., 258 So.2d 316 (Fla. 1st DCA 1972).
Counsel for appellant relies on Rule 9.200(f) which allows for correcting and supplementing the record. This rule is intended to assure that any portion of the record before the lower tribunal which is material to a decision by the court be made available to the court so that appellate proceedings will be decided on their merits. The rule is not intended to correct inadequacies in the record which result from a failure of a party to make a record below. The committee notes for Rule 9.200(f) state that "the purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record before the lower tribunal."
It is inappropriate and will subject movant to sanctions to inject matters into the appellate proceedings which were not before the trial court. Rosenberg v. Rosenberg, 511 So.2d 593 (Fla. 3d DCA 1987). Appellant sought to supplement the record on appeal with matters clearly outside *756 the record. Counsel for appellant has previously been placed on this court's culpa list by unpublished order for failing to comply with the orders of this court. See Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983), for an explanation of the culpa list. Counsel was warned that future violations of the rules and orders of this court might result in more severe sanctions.
By publication of this order, George E. Day is publicly reprimanded for his flagrant violation of the Florida Rules of Appellate Procedure. He is warned that any future violations of the appellate rules or disregard of an order of this court, in this case or any other case, may result in imposition of further sanctions. Mitchell v. State; Rule 9.410, Florida Rules of Appellate Procedure.
This court has recently had to consider several similar motions to supplement the record with matters clearly inappropriate for inclusion in the record on appeal. This lack of understanding of the rules of appellate procedure has resulted in a needless expenditure of judicial effort. This court serves notice that future efforts to violate the integrity of the record on appeal may result in imposition of sanctions on counsel for movant.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.