# WRC PROPERTIES, INC. v TED'S NEWS, INC., et al.
## Case No. 90-253 AP
Eleventh Judicial Circuit, Dade County

June 11, 1991

### APPEARANCES OF COUNSEL

**Laurel M. Isicoff, Esquire,** for appellant.

**Eric P. Littman, Esquire,** for appellees.

Before ESQUIROZ, ROBINSON, FIERRO, JJ.

### OPINION OF THE COURT

PER CURIAM

This is an appeal from the Court's award of attorney fees under section 57.105(2), Florida Statutes, in a landlord tenant eviction.

The issue for determination is whether an award of attorneys' fees under Section 57.105(2), Florida Statutes, applies to a lease predating its enactment, which is renewed pursuant to an option in the lease.

"Renewal" of the lease extended beyond the effective date of the

statute. The lease had a provision entitling the landlord, but not the tenant, to recover attorneys' fees. Appellees argue that Section 57.105(2) should apply to this lease because the lease was renewed after the effective date of the statute.

The law in Florida is clear that the exercise of the renewal option in a lease does not create a new contract, but merely extends the existing one. *Kornblum v Henry E. Mangels Company,* 167 So.2d 16, 19 (Fla. 3d DCA 1964). *See Taylor v Rosman,* 312 So.2d 239 (Fla. 3d DCA 1975). The statute clearly provides that it "shall apply to contracts *entered into* on said date (October 1, 1988) or thereafter." Section 57.105(2), Florida Statute.

The Appellees also argue that the appeal is moot because Appellant voluntarily paid the attorney's fee award. In support of their argument, Appellees attach several letters to their brief. The First District held in *Thornber v City of Fort Walton Beach,* 534 So.2d 754 (Fla. 1st DCA 1988), "That an appellate court may not consider matters outside the record is so elemental there is no excuse for an attorney to bring such matters before the court." 534 So.2d at 755. The Fourth District held in *Great American Insurance Co. v Stolte, Inc.,* 491 So.2d 352 (Fla. 4th DCA 1986) that absent a stay of execution or a condition that effectively constitutes such a stay, payment or satisfaction of a judgment is involuntary, and does not moot the judgment payor's appeal, provided the payment was not made by way of compromise or associated with an agreement not to pursue an appeal."

The award of an attorney's fee to Appellees is

REVERSED.

Appellant's Motion for Attorney's Fees is granted and RE-MANDED to the trial judge for determination of amount.