ON APPELLEE’S MOTION TO SUPPLEMENT THE RECORD
PER CURIAM.
As one issue in this direct criminal appeal, appellant argues that the trial court erred when it failed to obtain from him a knowing and intelligent waiver of his constitutional right to assistance of counsel. The State has filed its answer brief and moves to supplement the record with an affidavit from the trial judge executed nine months after entry of judgment and sentence. This affidavit purports to set forth the trial judge’s recollection of the hearing where appellant allegedly made a knowing and intelligent waiver of his right to counsel. The motion to supplement the record is denied, the affidavit is stricken and any reference to the affidavit in the answer brief shall be disregarded by this court.
The affidavit sought to be included in the record is not a part of the record as defined by Florida Rule of Appellate Procedure 9.200. When no record exists, rule 9.200(b)(4) provides a procedure for obtaining a statement of the evidence. The rule provides:
If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.[1]
This procedure allows both parties notice and an opportunity to be heard with the trial judge granting final approval of the statement of the evidence.
Here, there is no showing that the State provided appellant with notice that an affidavit was being secured from the trial judge. Accordingly, appellant had no opportunity to object or to offer his recollection of the proceedings. Even if notice had been provided to appellant, the procedure utilized is not authorized by the rules. The *155 State should have proceeded under rule 9.200(b)(4), but failed to do so. As the trial court judge has recused himself from hearing anything further in this case, there can be no approved statement of the evidence pursuant to the rule.
We write to warn lawyers and judges that an unauthorized affidavit cannot substitute for an approved statement of the evidence secured under rule 9.200(b)(4). If no transcript is available, the parties must proceed by the method provided for by the rules.
The motion to supplement is denied, the affidavit is stricken and all reference to the affidavit shall be disregarded.
IT IS SO ORDERED.
JOANOS, C.J., and BOOTH and SMITH, JJ., concur.

. Although the rule specifically provides for an appellant to initiate the preparation of a statement of the evidence, we believe an appellee would also have the authority to do so. The committee notes to the rule simply state that the subdivision "provides the procedures to be followed where no transcript is available.” The burden for preparing the record is on the appellant and it appears the rule was drafted with appellant’s responsibility in mind. We can envision other situations in addition to the one presented here where an appellee may find it necessary to recreate a part of the record. For example, if an appellant designates less than the entire record, an indigent appellee may find it necessary to secure an approved statement of the evidence in order to argue for affirmance on appeal. Therefore, we find that an appellee may also initiate a rule 9.200(b)(4) process.