ORDER ON APPELLANTS MOTION TO STRIKE AND APPELLEES MOTION TO SUPPLEMENT THE RECORD OR REMAND

PER CURIAM.
Appellant Ann Burkhalter seeks review of an order of the Circuit Court for Duval County which vacated prior orders, upon the finding that the District Court of North Carolina is the appropriate forum to consider the question of custody of the Burkhalter children under the Uniform Child Custody Jurisdiction Act, sections 61.1302 through 61.1348, Florida Statutes (1993) (UCCJA). Appellee has included in an appendix to the answer brief a copy of the order of the North Carolina court dated April 23, 1993. Appellant moves to strike the order from the appendix, contending that it was not made part of the record below. Appellee moves to supplement the record with this order. Proper resolution of this dispute requires relinquishment of jurisdiction to the trial court.
In March of 1993, Mrs. Burkhalter petitioned the Florida court for and was granted an injunction against domestic violence. After a hearing, the circuit court entered an order that provided primary residential custody of the parties’ three children be with Mrs. Burkhalter, and granted the husband visitation on Saturdays. Further harassment of the wife by the husband was enjoined. On April 16, 1993, counsel for the husband filed with the circuit court a copy of an order of the District Court of the State of North Carolina. The North Carolina court order, dated April 7, 1993, ruled that the court has jurisdiction over the parties and that North Carolina is not an inconvenient forum nor is any other state a more appropriate forum. The North Carolina court placed custody of the children with the husband and enjoined the wife from harassing or bothering the husband or the children. A hearing was scheduled by the North Carolina court for April 19, 1993, and the defendant wife was directed to appear and show cause why more permanent relief should not be granted.
Meanwhile, in the Florida circuit court, an amended final judgment dated April 9, 1993, was entered which granted custody of the children to the wife and enjoined the husband from committing domestic violence or harassment.
On April 23, 1993, after a hearing, the North Carolina court entered an order giving primary custody to the father with specified visitation to the mother and enjoining the mother from committing further harassment. This order includes the following comment:
The undersigned Judge presiding had had telephone contact with Judge Henry Davis of the Circuit Court of Duval County, Florida, and the undersigned Judge presiding was informed that Florida has waived jurisdiction to decide custody of the minor children of the plaintiff and defendant.
On April 30, 1993, the Duval County Circuit Court entered an order that relinquished jurisdiction to North Carolina and vacated the prior orders without prejudice. The order recites:
This court has been informed by the District Court in North Carolina that the Respondent [husband] has invoked the jurisdiction of that Court concerning the custody of the parties’ children, and a temporary order on custody has been entered in the North Carolina Court. The parties and children resided in North Carolina prior to coming to Florida. They have been in Florida less than six (6) months. The Uniform Child Custody Jurisdiction Act, F.S. 61.1302, et seq., provides that North Carolina is the appropriate State to exercise jurisdiction concerning custody in this case.
*763 After rehearing was denied, Mrs. Burkhalter appealed to this court.
As previously stated, the parties have filed motions which seek to exclude and include, respectively, the April 27, 1993, North Carolina order in the record before this court. It appears that the circuit court judge was of the view that while Florida may have jurisdiction, see section 61.1308(l)(a)l., Florida Statutes, that Florida is an inconvenient forum and that it was appropriate for North Carolina to assume jurisdiction. See § 61.-1316(3)(a), Fla.Stat. The communication which took place between the North Carolina and Florida judges was clearly authorized by law:
Before determining whether to decline or retain jurisdiction, the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction of either court, with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
§ 61.1316(4), Fla.Stat.; see also Hickey v. Baxter, 461 So.2d 1364 (Fla. 1st DCA 1984).
Sitting as a court of review, we strive to have before us in the record all things considered by the trial court, see Florida Rule of Appellate Procedure 9.200(f)(2), but nothing more, Thornber v. City of Fort Walton Beach, 534 So.2d 754 (Fla. 1st DCA 1988). In the instant case, it is most apparent that Judge Davis had a telephone conversation with the trial judge in North Carolina and that this conversation influenced his decision. It is unlikely that the parties were privy to the conversation when it occurred, nor does it appear in this record that Judge Davis informed them of the content of the conversation prior to entry of his order.
In view of these circumstances, we relinquish jurisdiction to the trial court for the purpose of creating a supplement to the record which sets forth, in as rehable a manner as is possible, the content of the judge’s conversation with the North Carolina judge. The supplement to the record should also reveal whether the trial court was provided with a copy of the April 27 North Carolina order and, if so, when.[1]
Disposition of the pending motions is deferred until the filing of the supplemental record as described above. Jurisdiction is relinquished to the trial court for 30 days for further proceedings in accordance with this opinion.
ZEHMER, C.J., and BOOTH and JOANOS, JJ., concur.

. We would ordinarily direct that a supplemental record be prepared in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). That rule, however, contemplates a three step process with the recollections of appellant and appellee serving to create a proposed statement for the trial judge’s approval. That process is not entirely appropriate where, as here, the parties did not hear the conversation in question. Our ruling is limited to the unique facts of this case and should not be construed as receding from Had-den v. Slate, 616 So.2d 153 (Fla. 1st DCA 1993).