771 So.2d 569 (2000)
Willie Florence POTEAT, Guy Edward Poteat and Ann Poteat Wade, Appellants,
v.
GUARDIANSHIP OF Willie Florence POTEAT, Appellee.
Nos. 4D99-2667, 4D99-3347, 4D99-3350.
District Court of Appeal of Florida, Fourth District.
October 11, 2000.
Rehearing Denied December 8, 2000.
*570 Albert F. Tellechea and Stacey L. Cole of Akerman, Senterfitt & Eidson, P.A., Orlando, and Barbara B. Power of Begosian & Power, Chartered, Vero Beach, for Appellant-Willie Florence Poteat.
Louis B. Vocelle, Jr. of Clem, Polackwich & Vocelle, Vero Beach, for Appellants-Guy Edward Poteat and Ann Poteat Wade.
Eric C. Barkett of Jackson & Barkett, Vero Beach, for appellee.
KLEIN, J.
These appeals question whether there was clear and convincing evidence that an elderly woman, Willie Florence Poteat, is partially incapacitated and whether the appointment of her granddaughter as a limited guardian was improper because of conflicts of interest. We affirm.
Mrs. Poteat, who is eighty-five years old, had a stroke in 1995, resulting in a condition known as aphasia, which affected her ability to speak. She and her husband, who died in 1998, had amassed a substantial estate, including a mobile home park, commercial citrus groves, and other commercial property.
After Mr. Poteat's death, Guy and Ann, two of the Poteats' three children, filed petitions to have Mrs. Poteat declared incapacitated. The trial court appointed an examining committee consisting of two physicians and a nurse. One of the physicians testified that Mrs. Poteat was competent but that because of her age and her aphasia she needed time to "orient to the situation." He admitted, however, that she was unable to write a check, could not address an envelope, and did not know the names of the banks where she had accounts. He further acknowledged that she had low average intelligence, low short term memory and consistently scored in the deficient range. He was concerned about her ability to contract, manage her property, or make gifts. She did not have the capacity to make business decisions regarding her citrus groves.
*571 The other appointed physician, a psychiatrist, testified that Mrs. Poteat was totally incapacitated, suffering from dementia of the Alzheimer's type. She was unable to give her address, telephone number, names of physicians or birthplace. He did not think she was competent to manage her property, make contracts, a will, or gifts. The nurse testified that in her opinion, Mrs. Poteat was competent, but acknowledged that she took a long time to comprehend things.
A neurologist who had previously treated Mrs. Poteat for her stroke testified that she was able to conduct her own affairs in 1996, but after speaking with Mrs. Poteat for about one half hour in 1998, he concluded that she was no longer competent as a result of dementia caused by vascular disease. Two experts called by Mrs. Poteat, a psychiatrist and neuropsychologist, testified that Mrs. Poteat's aphasia made her appear to be incompetent, but that in fact she was not incompetent. She simply took longer to answer questions because of her aphasia, which could make it appear that she did not understand the questions.
The trial court found that the petitioners established by clear and convincing evidence that Mrs. Poteat was "partially incapacitated to exercise her right to contract, to sue and defend lawsuits, to manage property or to make any gift or any disposition of property as set forth in section 744.3215 of the Florida Statutes." The court appointed a limited guardian of the person and property of Mrs. Poteat for the purpose of handling her affairs in the areas in which the court found her to be incapacitated.
Mrs. Poteat appeals, arguing that the proof of her incapacity did not meet the statutory standard of clear and convincing evidence. § 744.331(6), Fla. Stat. (1999). Clear and convincing evidence, as our supreme court explained in In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995) is an "intermediate level of proof." Just as in cases involving preponderance of evidence, however, the trial court resolves conflicts in the evidence. Id. The function of the appellate court is to determine whether there is "substantial competent evidence to support the trial judge's finding of clear and convincing evidence." Id. In the present case, the testimony of the psychiatrist and the neurologist, that Mrs. Poteat was incapacitated as a result of dementia, constituted substantial competent evidence to support the trial court's finding that a guardianship was necessary.
We next address the appeal brought by two of Mrs. Poteat's children, Guy and Ann, who contested the appointment of Mrs. Poteat's granddaughter, Jerilyn Bock on the grounds that she has conflicts of interest. Jerilyn is the daughter of Mrs. Poteat's other child, Jerry.
Guy and Ann, in arguing that there is a conflict of interest, rely on section 744.309(3), Florida Statutes (Supp.1998), which provides in part that "the court may not appoint a guardian in any other circumstance in which a conflict of interest may occur." They also rely on the more specific section 744.446(2), which provides:
Unless prior approval is obtained by court order, or unless such relationship existed prior to appointment of the guardian and is disclosed to the court in the petition for appointment of a guardian, a guardian may not:
a) have any interest, financial or otherwise, direct or indirect, in any business transaction or activity with the guardianship;
b) acquire an ownership, possessory, security, or other pecuniary interest adverse to the ward;
c) be designated as a beneficiary on any life insurance policy, pension or benefit plan of the ward unless such designation was validly made by the ward prior to the adjudication or incapacity of the ward; and
d) directly or indirectly purchase, rent, lease, or sell any property or services *572 from or to any business entity of which the guardian or the guardian's spouse, or any of the guardian's lineal descendants, or collateral kindred, is an officer, partner, director, shareholder or proprietor, or has any financial interest.
To support their argument that the guardian has a conflict of interest, Guy and Ann suggest that conflicts will arise because the guardian is a co-personal trustee of the will of Mr. Poteat, co-personal representative under the will of Mrs. Poteat, and a trustee and beneficiary of Mrs. Poteat's living trust. She also has a power of attorney for Mrs. Poteat.
The guardian responds that her appointment as limited guardian will end with Mrs. Poteat's death, prior to her being appointed personal representative and that the adjudication of partial incapacity revokes her power of attorney. § 709.08(3)(b), Fla. Stat.
The guardian also notes that she was the most qualified person under section 744.312, Florida Statutes, which sets forth factors which the court should consider when appointing a guardian. Section 744.312(2) provides in part:
(2) The court shall give preference to the appointment of a person who:
a. is related by blood or marriage to the ward;
b. has educational, professional, or business experience relevant to the nature of the services sought to be provided;
c. has the capacity to manage the financial resources involved; or
d. has the ability to meet the requirements of the law and the unique needs of the individual case.
(3) The court shall also:
a. consider the wishes expressed by an incapacitated person as to who shall be appointed guardian;
This guardian is particularly qualified under the statute in that she is related, is qualified to do this by her occupation as a specialty banker, and was helping her grandmother with her finances prior to any question arising concerning her grandmother's capacity. In addition to the fact that Mrs. Poteat had already delegated management of some of her affairs to Jerilyn, there was other evidence that she had indicated that, if she had to have a guardian, she would want Jerilyn to be the guardian.
The discretion of the court in the selection of a guardian has been described by this court as "limited discretion" in the sense that the discretion of the court must be exercised consistent with the above statute. In re Castro, 344 So.2d 270, 271 (Fla. 4th DCA 1977).
We have considered the conflict of interest concerns of Guy and Ann, who argue that a tax lawyer, who is not related to anyone involved, should have been appointed. We have concluded, however, that the alleged conflicts of interest are more theoretical or hypothetical than real. In addition, this proceeding has been traumatic enough for Mrs. Poteat. Softening the impact, by appointing Jerilyn, in whom Mrs. Poteat had reposed her confidence prior to this proceeding, was within the trial court's discretion.
We now address a motion to supplement record filed by Louis B. Vocelle, Jr., counsel for Guy and Ann. On May 31, 2000, one day before oral argument, Mr. Vocelle filed a motion to supplement the record in this court to include a complaint, which his clients, Ann and Guy, filed against Jerilyn and others, on May 26, 2000, in circuit court. The purpose of this motion, as indicated by counsel in oral argument, was to demonstrate to us that, if we did not reverse the appointment of Jerilyn as guardian so that a non-family member could be appointed, endless litigation between family members would be the result.
This motion constitutes a "flagrant violation" of Florida Rule of Appellate Procedure 9.200(f), which authorizes the correction *573 and supplementation of the record. Thornber v. City of Fort Walton Beach, 534 So.2d 754, 756 (Fla. 1st DCA 1988). As the Thornber court explained:
That an appellate court may not consider matters outside the record is so elemental there is no excuse for an attorney to attempt to bring such matters before the court.
Id. at 755 and cases cited. The purpose of rule 9.200(f) is to allow supplementation of the record submitted to the appellate court, with an item which was considered[1] by the trial court, but was omitted from the record on appeal. To attempt to supplement the record on appeal with a document created by counsel several days before oral argument is highly unprofessional, and we accordingly strike the motion.
Affirmed.
POLEN and HAZOURI, JJ., concur
NOTES
[1] We use the term "considered," because we recognize that sometimes things such as depositions or memoranda of law are considered by the court, but through inadvertence are not placed in the record prior to the entry of final judgment.