MORRIS, Judge.
The Department of Transportation (DOT) appeals a final summary judgment entered in favor of Majorland, LLC (Ma-jorland), on Majorland’s action to quiet title and for declaratory relief against the DOT and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida (the Board). We affirm the decision of the trial court for the reasons expressed below.
Majorland acquired property in Pinellas County in 2000. The property’s chain of title includes a 1945 deed conveying land from the Trustees of the Internal Improvement Fund of the State of Florida (TIIF) to Majorland’s predecessor in title.[1] The deed describes various parcels of land and then reserves to the State two types of rights in the land. The deed contains the following language:
AS TO LANDS IN TRACTS OR COMPOSITE TRACTS AGGREGATING TEN (10) ACRES OR MORE:
RESERVING unto the State of Florida the title to an undivided one-half of all petroleum and petroleum products, and title to an undivided three-fourths of all other minerals which may be found on or under the said land, together with the right to explore for and to mine and develop; and further
RESERVING unto the State of Florida easement for State Road Right of Way Two Hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within One Hundred (100) feet of said center line.
Majorland learned of the reservations when it replatted and began development of the property. Majorland took the position that because its property is less than ten acres, the reservations do not apply to Majorland’s property. In other words, Majorland’s position was that the qualifier at the beginning of the first quoted paragraph, describing tracts of land ten acres or more, applied to both reservations. Majorland is concerned only with the second reservation, i.e., the right-of-way reservation.[2] The Board and the DOT, on the other hand, asserted that the right-of-way reservation applied to all tracts of land and was not limited by the language found at the beginning of the first quoted paragraph describing tracts of ten acres or more.
Majorland filed a complaint against the Board and the DOT, and all parties moved for summary judgment. In granting summary judgment in favor of Majorland, the trial court concluded that the ten-acre-or-more language applied to both reservations and that because Majorland’s property is less than ten acres, Majorland’s property is not encumbered by either reservation.
The trial court correctly determined that the applicability of the right-of-way reservation in the subject deed is controlled by the First District’s decision in Mann v. State Road Department, 223 So.2d 383 (Fla. 1st DCA 1969). In Mann, the court analyzed the very same reserva *501 tions of rights in a Murphy Act deed and considered whether the ten-acre-or-more qualifier applied to the right-of-way reservation. Id. at 384. The court concluded that the language and structure of the reservations of rights were clear and that the ten-acre-or-more qualifier did apply to the right-of-way reservation.
The Department challenges the application of Mann in this case, arguing that the First District in Mann did not consider minutes from TIIF meetings because the minutes had not been presented to the trial court. See id. at 385. In this case, the DOT presented TIIF minutes from 1939 and 1940 indicating that the right-of-way reservation was discussed without any mention of limiting the reservation to tracts of a particular size. The DOT also presented TIIF minutes from 1943 indicating that the ten-acre-or-more qualifier was introduced along with the petroleum and mineral rights reservation without any mention of the right-of-way reservation. While these minutes suggest that the two reservations were unrelated when they were initially considered by TIIF, we find it inappropriate to consider these minutes because the reservation language in the deed is clear and unambiguous. See Mann, 223 So.2d at 385; Spring Lake NC, LLC v. Figueroa, 104 So.3d 1211, 1214 (Fla. 2d DCA 2012) (“Tf a contract provision is clear and unambiguous, a court may not consider extrinsic or parol evidence to change the plain meaning set forth in the contract.’ ” (quoting SCG Harbourwood, LLC v. Hanyan, 93 So.3d 1197, 1200 (Fla. 2d DCA 2012))).
Affirmed.
LaROSE and SLEET, JJ., Concur.

. The State of Florida had acquired the land pursuant to the Murphy Act, chapter 18296, Laws of Florida (1937).

. The application of the first reservation regarding petroleum and other mineral rights is not at issue in this case.