IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CARLOS D. COTTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4936

_____/

Opinion filed October 12, 2015.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Nancy A. Daniels, Public Defender, and Colleen Dierdre Mullen, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

KELSEY, J.

      Appellant's judgment and sentence for violation of probation are at issue in this appeal pursuant to Anders v. California, 386 U.S. 738 (1967). We reject without further comment the Fourth Amendment claim that Appellant asserted in his pro se brief, and would affirm because we find no other meritorious issues, but we must remand for further proceedings to establish Appellant's competency.

Upon the Court's independent review of the record as required by Anders, we determined that the trial court ordered Appellant to undergo a competency evaluation and designated a doctor to perform the evaluation. However, the record does not contain the request for the evaluation, the doctor's report, or any evidence that the trial court conducted a competency hearing or adjudicated Appellant competent before proceeding with the hearing and sentencing on the violation of probation charges.

In light of the lack of record evidence establishing Appellant's competency, we issued an order pursuant to State v. Causey, 503 So. 2d 321 (Fla. 1987), requiring the Assistant Public Defender to brief the competency issue and file a supplemental record containing any documents pertinent to that issue. The Assistant Public Defender responded that the record was devoid of a competency determination. The State replied that, although defense counsel requested a competency evaluation and the evaluation was performed, apparently resulting in a conclusion that Appellant was competent to proceed, the evaluation documents were not filed in this case. They were filed only in another case involving Appellant. There is no indication, however, that the trial court conducted a competency hearing or ruled on Appellant's competency.

It is a due process violation to proceed against an incompetent criminal defendant. Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014); see also Ross v.

2

State, 155 So. 3d 1259, 1259-60 (Fla. 1st DCA 2015) ("[T]he trial court first must hold a hearing to determine whether the defendant's competency has been restored, review evidence from experts during the hearing, make an independent determination that the defendant's competency has been restored, and enter a written order to that effect."). If the trial court does not have sufficient grounds to believe that the defendant may lack competency, there is no obligation to hold a competency hearing. Monte v. State, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011). However, once a trial court has reasonable grounds to question competency, the court "has no choice but to conduct a competency hearing." Id. (citing Mairena v. State, 6 So. 3d 80, 85 (Fla. 5th DCA 2009); Carrion v. State, 859 So. 2d 563, 565 (Fla. 5th DCA 2003)); see Fla. R. Crim. P. 3.210(b), 3.212; Ross, 155 So. 3d at 1260; Maxwell v. State, 974 So. 2d at 505, 510-11 (Fla. 5th DCA 2008); Cochran v. State, 925 So. 2d 370, 372-73 (Fla. 5th DCA 2006); see also Dougherty, 149 So. 3d at 677 ("'[T]he framers of the rule . . . obviously did not regard lightly the necessity for a hearing' by their use of the terms 'shall' and 'immediately.'") (quoting Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971)).

The State requests that we "supplement" the record in this case with the request for a competency evaluation and the report of the evaluation that were filed in another case involving Appellant. We decline this request because we are not at liberty to add to this record documents that were never filed with the lower tribunal

3

in this case and that there is no evidence the trial court reviewed. See Thornber v. City of Fort Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988). The documents should have been filed directly in this record, or placed in this record pursuant to a request for judicial notice. The ability to supplement the record "is not intended to correct inadequacies in the record which result from a failure of a party to make a record below." Id. Even if those two documents were in this record, however, we could not affirm this appeal until the record also reflected that the trial court conducted an appropriate competency hearing and adjudicated Appellant competent to proceed.

On remand, the parties shall promptly file with the lower tribunal, in the record of this case, all documents pertinent to the question of Appellant's competency. If in fact the trial court previously considered those documents, conducted a competency hearing, and orally adjudicated Appellant competent, the trial court may enter an order of competency effective nunc pro tunc to the date of the previous oral adjudication. See Hunter v. State, 40 Fla. L. Weekly D1109, 2015 WL 2186347, at *2 (Fla. 1st DCA May 12, 2015) ("[T]he trial court in this case did schedule and convene a competency hearing, and, on the record, did consider the two reports from the forensic mental health specialists . . . ."); Hampton v. State, 988 So. 2d 103, 106 (Fla. 2d DCA 2008) ("Where, as here, a court has orally found a defendant competent but erroneously failed to enter the required written order, we

4

have affirmed with directions to enter the order nunc pro tunc."); Martinez v. State, 851 So. 2d 832, 834-35 (Fla. 1st DCA 2003) (remanding for entry of competency order nunc pro tunc).

If, on the other hand, the trial court did not previously conduct a competency hearing, the court must do so before adjudicating Appellant's competency. The transcript of such hearing and order adjudicating competency must be filed of record in this case to facilitate further appellate review, if any. The trial court may make a retroactive determination of competency with no change in Appellant's judgment or sentence, if the evidence that existed prior to the hearing on Appellant's charges supports a finding that he was competent at that time. Dougherty, 149 So. 3d at 678-79 (discussing general rule that competency cannot be determined retroactively, but refusing to make bright-line rule because "a retroactive determination of competency is possible" even though "inherently difficult"). But see Maxwell, 974 So. 2d at 510-11 ("Because a hearing to determine whether a criminal defendant was competent at the time of trial cannot be held retroactively . . . we must reverse [the appellant's] sentences and remand for a new sentencing hearing."). If the trial court cannot make a retroactive determination, it must properly adjudicate Appellant's present competency and, if the court finds Appellant competent to proceed, conduct a new hearing on the violation of probation charges. The remedy is dependent "on the

5

circumstances of each case." <u>Dougherty</u>, 149 So. 3d at 678-79. We leave that decision to the trial court.

REVERSED and REMANDED with instructions.

THOMAS and MARSTILLER, JJ., CONCUR.