ON MOTIONS FOR REHEARING AND SUPPLEMENTING THE RECORD
WOLF, J.
We deny both the State’s motion for rehearing and the State’s motion to supplement the record. Our denial of the State’s motion for rehearing is based on our original opinion; we write only to comment on the State’s attempt to supplement the record with evidence that was not presented to the trial court. The State sought to supplement the record with proof that it had entered a detainer on appellant, while nonetheless recognizing that the alleged detainer and the circumstances surround *752 ing the- Service of the detainer had never been presented to the trial court.
As noted by appellant, “[a]n appellate court will not consider evidence that was not presented to the lower tribunal because the function of an appellate court is to determine whether the lower tribunal committed error based on the issues and evidence before it.” Thornber v. City of Walton Beach, 534 So.2d 754, 755 (Fla. 1st DCA 1988). This court Thornber further noted that Florida Rule of Appellate Procedure 9.200(f), which allows for correcting and supplementing the record, “is not intended to correct inadequacies in the record which result from a failure of a party to make a record below.” Id. See also Cotton v. State, 177 So. 3d 666, 668 (Fla. 1st DCA 2015)(holding that the State could not, in order to establish Cotton’s competency, supplement the record in one case with a competency evaluation that had been filed in a separate case against Cotton, noting, “We decline this request because we are not at liberty to add to this record documents that were never filed with the lower tribunal in this case and that there is no evidence the trial court reviewed”). We agree with appellant that the State’s attempt to supplement the record is improper and, therefore, deny the motion.
WETHERELL, J., CONCURS; KELSEY, J., DISSENTS WITH OPINION.