IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

XAVIER TYRONE MOORE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.                  CASE NO. 1D15-4848

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed December 5, 2016.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

Nancy A. Daniels, Public Defender, A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals his judgment and sentence for third-degree murder and possession of a firearm by a convicted felon. The issue is whether the trial court

abused its discretion in denying defense counsel's motion for mistrial and his contemporaneous request for a competency hearing following Appellant's inexplicable testimony during the state's cross-examination, which echoed Appellant's earlier behavior in the trial proceedings. We reverse.

"[O]nce a trial court has reasonable grounds to question competency, the court has no choice but to conduct a competency hearing." Brooks v. State, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015) (citing Cotton v. State, 177 So. 3d 666, 668 (Fla. 1st DCA 2015)) (internal quotation marks omitted). We find there were justifiable reasons in the record that would have required the trial court to direct a competency evaluation upon defense counsel's request. Under the circumstances, however, "a new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial." Id. (citing Reynolds v. State, 177 So. 3d 296, 298 (Fla. 1st DCA 2015) (citing Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014))). "A *nunc pro tunc* competency evaluation can be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.'" Id. at 1095-96 (quoting Dougherty, 149 So. 3d at 679).

On remand, the trial court shall hold a hearing to determine Appellant's competency to stand trial. If there is evidence that existed previously that supports

2

a finding that Appellant was competent at the time of his trial, the court may make a written determination of competency, *nunc pro tunc,* with no change in the judgment.  Id. at 1096 (citing Cotton, 177 So. 3d at 669).  However, if the trial court cannot make a retrospective determination, it must properly adjudicate Appellant's present competency and, if he is found to be competent to proceed, conduct a new trial.  Id. (citing Mason v. State, 489 So. 2d 734, 737 (Fla. 1986) ("Should the trial court find, for whatever reason, that an evaluation of [the defendant's] competency at the time of the original trial cannot be conducted in such a manner as to assure [the defendant] due process of law, the court must so rule and grant a new trial.")).

REVERSED and REMANDED for further proceedings consistent with this opinion.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.