IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIE CROCKETT,

     Appellant,

v.                                CASE NO. 1D15-1745

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed January 10, 2017.

An appeal from the Circuit Court for Alachua County.
David P. Kreider, Judge.

Nancy A. Daniels, Public Defender, and Victor Holder, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.


   ON MOTIONS FOR REHEARING AND SUPPLEMENTING THE RECORD

WOLF, J.

     We deny both the State's motion for rehearing and the State's motion to supplement the record. Our denial of the State's motion for rehearing is based on our original opinion; we write only to comment on the State's attempt to supplement the record with evidence that was not presented to the trial court. The

State sought to supplement the record with proof that it had entered a detainer on appellant, while nonetheless recognizing that the alleged detainer and the circumstances surrounding the service of the detainer had never been presented to the trial court.

As noted by appellant, "[a]n appellate court will not consider evidence that was not presented to the lower tribunal because the function of an appellate court is to determine whether the lower tribunal committed error based on the issues and evidence before it." Thornber v. City of Ft. Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988). This court in Thornber further noted that Florida Rule of Appellate Procedure 9.200(f), which allows for correcting and supplementing the record, "is not intended to correct inadequacies in the record which result from a failure of a party to make a record below." Id. See also Cotton v. State, 177 So. 3d 666, 668 (Fla. 1st DCA 2015) (holding that the State could not, in order to establish Cotton's competency, supplement the record in one case with a competency evaluation that had been filed in a separate case against Cotton, noting, "We decline this request because we are not at liberty to add to this record documents that were never filed with the lower tribunal in this case and that there is no evidence the trial court reviewed"). We agree with appellant that the State's attempt to supplement the record is improper and, therefore, deny the motion.

WETHERELL, J., CONCURS; KELSEY, J., DISSENTS WITH OPINION.

2

KELSEY, J., dissents.

I respectfully dissent from the majority's denial of the State's motion for rehearing. The State moved for rehearing because, given the majority opinion's heavy reliance on the presumed *absence* of a detainer even though the trial court did not even weigh the detainer as a factor, the State obtained, and filed with the trial court, copies of the detainer that was in fact lodged against Defendant, and the Georgia Department of Corrections' acknowledgment of that detainer. The State requested that we accept those documents as a supplement to the record on appeal, and argued that the majority analysis should not have rested so heavily on Defendant's unproven assertion that there was no detainer.

I agree with the majority that we cannot allow the record on appeal to be supplemented with newly-obtained evidence that was never presented to or reviewed by the lower tribunal. However, even if the record properly included the detainer and acknowledgment in connection with both parties' arguments that the other was negligent in failing to try Defendant in Florida quickly, those documents would not have resolved the substantive issue for two reasons. First, the detainer was not filed until a year after Defendant was incarcerated in Georgia, thus leaving open the question of whether that one-year delay violated Defendant's speedy trial rights—a question I would answer in the negative under section 775.15(5)(b), Florida Statutes (2004), as explained in my merits dissent. Second, the detainer and

3

acknowledgement do not prove that Georgia prison officials followed the proper procedures to advise Defendant of his rights and the process for demanding speedy trial. At trial, defense counsel denied there was a detainer, and without a detainer in evidence, the state relied on unrefuted evidence that Defendant had actual knowledge of the Florida charges against him through his probation officer. Thus, the detainer argument is a red herring both procedurally and substantively.

It is precisely the ineffectiveness of the detainer argument that compels me to agree with the State that this Court should not rest its analysis on the assumption that there was no detainer—an assumption that has now been proven false, albeit by extra-record evidence. As I noted in my merits dissent, there was evidence in the record indicating that a detainer had likely been filed, which I would have found sufficient to preclude basing the Court's analysis in large part on an assumption to the contrary. By doing so, the majority improperly substituted its weighing of the evidence for that of the trial court, in violation of the proper standard of review under Barker v. Wingo, 407 U.S. 514 (1972), as explained in my merits dissent. As I concluded in that dissent, on the specific facts of this case, I would not reweigh the evidence and I would affirm the trial court's order denying Defendant's motion to dismiss the charges against him.

4