IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH CHESTER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5254

_____/

Opinion filed March 15, 2017.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Candice Brower, Regional Conflict Counsel, and Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

WINSOR, J.

This appeal presents two issues: whether the trial court should have granted the appellant's motion for mistrial, and whether the trial court should have held a hearing to determine the appellant's competency to stand trial. We affirm as to the first issue and reverse as to the second.

I.

Joseph Chester briefly lived with a childhood friend and that friend's girlfriend. The girlfriend was unappreciative of Chester's drinking, though, and the couple soon asked him to move out, which he did. Not long after that, the girlfriend awoke to find her back door open, her dogs on the loose, and her purse missing. While she was looking for her missing purse, her bank called to report suspicious activity on her credit card. The last she knew, that card had been in her now-missing purse. Alleging that Chester broke into his former residence, stole the purse, and used the card, the State charged Chester with burglary of a dwelling, fraudulent use of a credit card, and felony theft.

Chester admitted he used the credit card (he needed gas and cigarettes), and he admitted he had no business doing so. He pleaded no contest to fraudulent use of a credit card, but he went to trial on the remaining charges. He testified that he found the credit card in his van—not in a purse, and not in the house. And he testified that he never broke into the house. The jury did not believe him. It convicted him of both burglary and felony theft.

As Chester explains on appeal, his credibility was a critical issue at trial. The State argued below that the jury should disbelieve Chester because, among other things, he had twelve felony convictions. But the State also took the improper step of highlighting Chester's earlier refusal to talk to police. When Chester first offered

his defense about finding the credit card in the van, the State directly asked whether he had ever told authorities that story before. (He had not. He had instead earlier invoked his right to remain silent.)

The State's question was improper. *See Moss v. State*, 169 So. 3d 223, 229 (Fla. 1st DCA 2015) ("[A] comment by a prosecutor that the defendant has not before offered the explanation of events he offers at trial is improper."); *Floyd v. State*, 129 So. 3d 1214, 1214-15 (Fla. 1st DCA 2014) (holding that prosecutor's questioning about why defendant did not earlier give self-defense theory to police "clearly constituted comments on the [defendant]'s right to remain silent"). Therefore, the trial court was correct in sustaining the immediate objection (before Chester answered) and in instructing the jury to disregard the question. The issue here is whether the trial court abused its discretion in denying Chester's subsequent motion for mistrial. *See Fitzpatrick v. State*, 900 So. 2d 495, 516 (Fla. 2005) (noting that orders denying mistrials are reviewed only for an abuse of discretion).

A trial court should grant a motion for mistrial "only when it is necessary to ensure that the defendant receives a fair trial." *Cole v. State*, 701 So. 2d 845, 853 (Fla. 1997). Even when a prosecutor makes an improper comment on a defendant's right to remain silent, a trial court does not abuse its discretion in denying a mistrial where the comment "was not 'so prejudicial as to vitiate the entire trial.'" *Poole v. State*, 997 So. 2d 382, 391 (Fla. 2008) (quoting *Dessaure v. State*, 891 So. 2d 455,

464-65 (Fla. 2004)); *see also Rodriguez v. State*, 753 So. 2d 29, 39 (Fla. 2000) (noting "it is well settled that such erroneous comments do not require an automatic reversal" and affirming trial court's denial of motion for mistrial).

We find that the trial court did not abuse its discretion in denying the motion. The isolated remark was met with an immediate objection, and the trial court provided an appropriate curative instruction. Under the particular facts of this case, the comment was not "so prejudicial as to vitiate the entire trial." *Poole*, 997 So. 2d at 391; *cf. also Goodwin v. State*, 751 So. 2d 537, 547 (Fla. 1999) (noting "it is necessary to determine whether the single improper remark, to which the trial court sustained an objection and gave a curative instruction, was so prejudicial as to deny defendant a fair trial").

## II.

Next, we consider Chester's argument that the trial court should have ruled on his competency. Before trial, Chester had a competency evaluation, but the trial court never affirmatively decided the issue of competency. Instead, Chester's attorney told the judge at a pretrial hearing that "the doctor determined that he is competent." The parties then agreed to a trial date.

"[O]nce a trial court has reasonable grounds to question competency, the court 'has no choice but to conduct a competency hearing.'" *Cotton v. State*, 177 So. 3d 666, 668 (Fla. 1st DCA 2015) (quoting *Monte v. State*, 51 So. 3d 1196, 1202 (Fla.

4

4th DCA 2011)); *see also* Fla. R. Crim. P. 3.210(b). Here, the record includes no order requiring an evaluation, no evaluation report, and no hint of what led to the evaluation in the first place. Nonetheless, the court conducted what the docket referred to as a "mental health hearing," and it heard counsel's representation that there had been an evaluation. It therefore appears that the trial court had—at least at some point—some reasonable basis to question Chester's competency.[*] We therefore consider the sufficiency of the hearing.

At any competency hearing, the court "must make its own independent finding of competence or incompetence," although it need not always receive testimony. *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016). The court may not simply accept a stipulation, even when the mental health experts and lawyers agree the defendant is competent. *Id.* ("[A]cceptance of a stipulation is improper even when all the experts have opined that the defendant is competent, as other evidence may indicate incompetence."). Here, the trial court made no independent finding, and as the State concedes, we must reverse.

As in other cases that presented the same error, we remand for a retroactive determination, if possible. *See Zern*, 191 So. 3d at 965; *Reynolds v. State*, 177 So. 3d 296, 299 (Fla. 1st DCA 2015); *Cotton*, 177 So. 3d at 668-69; *Brooks v. State*, 180

---

[*] Although there is no such order in this record, the State asserts in its brief that "an expert was appointed to evaluate the Appellant for his competency." State Br. at 13.

So. 3d 1094, 1095-96 (Fla. 1st DCA 2015). If the court finds that Chester was competent, it should enter an appropriate order *nunc pro tunc*, and Chester's conviction and sentence will stand. If the court finds Chester was not competent— or if the trial court is unable to make a retroactive determination—Chester will be entitled to a new trial if and when competent to proceed.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, C.J., and JAY, J., CONCUR.