# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2548
_____

TRAVIS THURSTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

June 28, 2018

PER CURIAM.

Travis Thurston appeals his convictions for aggravated assault with a firearm, discharging a firearm in public, battery on a law enforcement officer, and resisting arrest. We affirm.

Thurston was arrested in 2015 after he shot a car and bit two police officers in a McDonald's parking lot. Thurston's bizarre behavior led the trial court to appoint an expert to determine whether he was competent to proceed. But before the court could make a competency determination, Thurston was taken into federal custody on unrelated charges. Nearly two years later, he returned to face his state charges. By then, a new judge and prosecutor were assigned, and Thurston had a new public defender.

Two witnesses into Thurston's trial, the new judge realized the previous judge never made a competency finding. So during a continuance, the court appointed another expert to evaluate Thurston. That expert promptly evaluated Thurston, opined that he was competent, and prepared a report. The court then held a hearing and entered an order finding Thurston competent based on the expert's report.

Thurston's first argument on appeal is that it was fundamental error to begin the trial without determining his competency. *See Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) ("[O]nce the court has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question."); *Cotton v. State*, 177 So. 3d 666, 667-68 (Fla. 1st DCA 2015) ("It is a due process violation to proceed against an incompetent criminal defendant."). We have held, though, that a conviction can stand if the trial court can retroactively determine competency. *Chester v. State*, 213 So. 3d 1080, 1083 (Fla. 1st DCA 2017); *see also Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014). Here, although the trial was already underway, the court promptly determined Thurston's competency once the issue reappeared. There was no fundamental error.

Thurston's second argument is that his trial counsel was constitutionally ineffective. However, to succeed with this argument on direct appeal, Thurston needed to show "ineffectiveness obvious on the face of the record, indisputable prejudice, and an inconceivable tactical explanation for the conduct." *Morales v. State*, 170 So. 3d 63, 67 (Fla. 1st DCA 2015) (on rehearing). He has failed to meet this heavy burden, so he can raise his ineffective-assistance claims only through a rule 3.850 motion.

AFFIRMED.

WOLF, JAY, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Candice Kaye Brower, Criminal Conflict & Civil Regional Counsel, Gainesville, and Melissa Joy Ford, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.