DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAFAEL HERIBE AVILESROSARIO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4269

[December 17, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen Rapp, Judge; L.T. Case No. 2011CF003366BXX.

Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

A bedrock principle of due process is that it is constitutionally impermissible to hold criminal proceedings against a mentally incompetent defendant. Where there is a reasonable question as to a defendant's competency, the trial court must hold a competency hearing. In the present case, just prior to the commencement of appellant's trial, his defense counsel requested such a hearing, noting appellant's prior mental illness, his recent suicide attempt, and her inability to communicate with appellant. Despite this, the court thought that appellant "looks the same as he has always looked to me." The court refused to conduct a hearing. We hold that the court abused its discretion and reverse Avilesrosario's conviction. Moreover, the trial court required appellant to go to trial wearing jail clothes. This too requires a reversal of his conviction.

Appellant Avilesrosario was arrested and subsequently charged with robbery and resisting an officer without violence. Within two months, his attorney moved for, and the court appointed, experts to evaluate him for competency to stand trial. As a result of their examination, appellant was

adjudged incompetent to proceed and was committed to the Department of Children and Families. He was reexamined six months later, and the trial court found him competent to proceed based on a stipulation between the parties.

A jury trial was finally scheduled eight months later. On the day of trial, Avilesrosario's attorney filed a motion for continuance and a motion to have him evaluated for competency to proceed. His attorney informed the court that Avilesrosario had cut himself with a razor and almost "bled out." He had been hospitalized because of this and had only recently been returned to jail. His attorney indicated that she didn't think he was mentally stable. Counsel indicated that she was not able to communicate with him, and she didn't believe that he was able to assist in his own defense, nor could he manifest appropriate behavior in court. Avilesrosario had been mumbling to himself when the jury venire was present. The trial court stated, "He looks the same as he has always looked to me." Co-counsel stated that "Looks are deceiving. He is not the same." Both of his attorneys told the judge that he had decompensated and one of them stated, "He is not the same Rafael Avilesrosario that I met before. He is not the same. I have had a history with him and he is not the same."

The trial court denied the motion and ordered jury selection to commence. Avilesrosario was in jail garb, and before the jury came in counsel requested that the court wait until her secretary arrived with other clothes for Avilesrosario. Counsel explained that the court had called up the case while she was in trial in another court, so she did not know that the case was called until the afternoon. She e-mailed her secretary to bring over the clothes. The court refused to wait, and Avilesrosario appeared at voir dire in jail garb. This prompted comments from more than one juror that he obviously was being held in jail and therefore must be guilty of something. Jurors also commented on the fact that Avilesrosario had his eyes closed and was not looking at them. This prompted a rebuke of the jurors by the trial court. Eventually a jury was seated.

The case proceeded, the facts of which are not relevant to the issues we address on appeal. After the state rested, the court asked Avilesrosario if he wished to testify. Avilesrosario stated through a Spanish interpreter:

> I am not well. I am really not prepared to speak at this moment because I am under the effects of too much medication. I am just [here] to listen. I am taking -- I have taken a bunch of things. I have taken about twenty-one pills for my condition, my mental health condition.

2

The court asked Avilesrosario if he wanted to wait until the next day to testify and he responded that he took the same pills every day. The defense then rested, and the court denied the defense motion for judgment of acquittal. Avilesrosario was convicted and sentenced to fifteen years for robbery. He appeals.

It is constitutionally impermissible to hold criminal proceedings against a mentally incompetent defendant. *Nowitzke v. State*, 572 So. 2d 1346, 1349 (Fla. 1990); *Maxwell v. State*, 974 So. 2d 505, 509 (Fla. 5th DCA 2008). In *Hill v. State*, 473 So. 2d 1253, 1257 (Fla. 1985), the supreme court explained that the test in determining competency is whether the defendant has "*sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.*" (Emphasis in original).

Florida Rule of Criminal Procedure 3.210(b) requires the trial court to order a competency examination and conduct a hearing when it "has reasonable grounds to believe that the defendant is not mentally competent to proceed." In other words, the question for the trial court is not whether the defendant *is* incompetent, but whether the defendant *may* be incompetent. *Scott v. State*, 420 So. 2d 595, 597 (Fla. 1982). Even where the defendant has been found competent, the court must be vigilant to reconsider a defendant's competency if circumstances change. "[A] prior determination of competency does not control when new evidence suggests the defendant is at the current time incompetent." *Nowitzke*, 572 So. 2d at 1349. When the court has reasonable grounds to believe a criminal defendant may not be competent to proceed, it has no choice but to conduct a competency hearing. *Tingle v. State*, 536 So. 2d 202, 203 (Fla. 1988). A failure to do so constitutes an abuse of discretion. *See Molina v. State*, 946 So. 2d 1103, 1106 (Fla. 5th DCA 2006) (abuse of discretion to refuse to reconsider competency where evidence suggests that defendant is incompetent).

A court should consider all of the circumstances in evaluating whether a competency hearing is necessary. *See Calloway v. State*, 651 So. 2d 752, 754 (Fla. 1st DCA 1995). And although there is no single factor which compels a hearing, the representations of defense counsel require special consideration. *Id.* Florida Rule of Criminal Procedure 3.210(b) provides that upon motion filed by defense counsel, which is certified to be made in good faith, the court *shall* conduct a competency hearing.

*Culbreath v. State*, 903 So. 2d 338 (Fla. 2d DCA 2005), presents a case similar to this case. There, Culbreath was charged with violation of probation. His attorney filed a motion to determine competency. Two experts testified he was competent to proceed. The trial court found he was malingering and was competent. Over a month and a half later, at the beginning of his violation of probation hearing, defense counsel advised the court that he did not think Culbreath was competent to proceed. Culbreath was unable to communicate with him in jail, and Culbreath had tried to commit suicide the week before. The court denied the motion and proceeded to conduct the hearing. On appeal, the Second District reversed, explaining that even if a defendant has been declared competent at an earlier time, the court must remain receptive to revisiting the issue if circumstances change. If the court is presented with reasonable grounds to believe that the defendant may not have the sufficient present ability to consult with his attorney and aid in the preparation and presentation of his defense, the trial court must order a hearing and examination. The Second District pointed to counsel's representations to the court, as well as Culbreath's suicide attempt, as showing reasonable grounds to require a new competency determination.

Similarly, in this case, there was more than ample evidence which reasonably called for a new competency determination. Avilesrosario had attempted suicide and had just been released from the hospital. His counsel could not communicate with him, and based upon the behavior that he had already exhibited, she did not think he could exercise appropriate courtroom demeanor. Counsel pleaded with the trial court, noting that she had dealt with Avilesrosario for some time, and "he's not the same as he was." The court rejected all of this, simply based upon Avilesrosario's appearance.

Avilesrosario's conduct during the trial only highlighted the questionable nature of appellant's competence. During voir dire, he kept his eyes closed, prompting jurors to question what was wrong with him. When the trial court asked whether he wanted to testify, he responded that he was unable to speak because of the amount of medication he was taking. All of this should have compelled the trial court to make further examination of his competency to proceed. Not to do so was an abuse of discretion. We must reverse.

Even if we were not reversing because of the lack of a competency hearing, we would also reverse because the trial court forced appellant to appear at trial in his jail clothes. A defendant cannot be compelled to stand trial in identifiable prison clothes, *see Torres-Arboledo v. State*, 524 So. 2d 403, 409 (Fla.), *cert. denied*, 488 U.S. 901 (1988), because it could

4

impair the defendant's presumption of innocence, which is a basic component of the fundamental right to a fair trial. *See Estelle v. Williams*, 425 U.S. 501, 503, *reh'g denied*, 426 U.S. 954 (1976).

The trial court erred by requiring Avilesrosario to appear in his jail clothing throughout voir dire. The comments of two jurors provide a perfect illustration of the potential harm to the presumption of innocence when a defendant appears in jail clothing. One juror noted that "the man has been arrested, he's obviously been in jail." Another juror commented that she was assuming that Avilesrosario was convicted before, stating, "He is wearing something that looks like he comes from jail, so in my mind he committed a crime before."

The court was obviously anxious to get the trial started--so anxious that the case was called while defense attorneys were in another courtroom and unavailable until shortly before the trial commenced. They had already sent for appropriate attire for Avilesrosario, but the trial court unreasonably refused to wait. In making Avilesrosario appear in front of the jury in jail clothing, the court violated Avilesrosario right to a fair trial.

Because of our reversal of the foregoing issues, we do not address the remaining issues. We reverse and remand for a new trial, contingent upon a determination that Avilesrosario is competent to stand trial.

LEVINE and CONNER, JJ., concur.

*　　　*　　　*

***Not final until disposition of timely filed motion for rehearing.***