HARRIS, C.M., Senior Judge.
Raffus Whitfield was convicted of burglary of a conveyance with a battery with a weapon, attempted carjacking with a deadly weapon, and aggravated battery with a deadly weapon for a violent knife attack in an effort to take a motor vehicle from the victim. He was sentenced to life in prison on the burglary conviction and concurrent fifteen-year sentences on the attempted carjacking and aggravated battery convictions. The parties agree that aggravated battery with a deadly weapon is a lesser included offense of the burglary of a conveyance with a battery with a weapon count and must be reversed. See McGhee v. State, 133 So.3d 1137, 1138-39 (Fla. 5th DCA 2014). We remand for the trial court to correct the judgment. Id. at 1139.
Another issue, however, is whether the court erred in not providing Whitfield a competency hearing, at the request of his .attorney, following Whitfield’s suicide attempt on the eve of trial. We review the trial court’s competency determinations for abuse of discretion. See Fowler v. State, 255 So.2d 513, 514 (Fla.1971); Molina v. State, 946 So.2d 1103,1106 (Fla. 5th DCA 2006).
In 2010 the trial court initially found Whitfield incompetent to stand trial, but in late 2011 he was held competent to proceed. Another motion directed to Whitfield’s competency was filed in 2013. The trial court, based on two competency review reports, determined he was competent to proceed to trial. Then, just before the pre-trial hearing in this case, the defense requested another competency review because of Whitfield’s reported suicide attempt the evening before.
The trial court asked Whitfield how he was feeling. He responded, “I’m okay.” Then the trial court asked whether Whitfield agreed with his attorney’s motion for a continuance. He responded, “Yes, ma’am.” Further, defense counsel noted that he had seen Whitfield the previous day and that, “He was a little down. I didn’t come with good news.... But he did not seem — he seemed okay.... But coming — the fact that I was coming with bad news, he was a little upset....”
An attempted suicide does not raise a presumption of incompetency. See Nelson v. State, 43 So.3d 20, 33 (Fla.2010) (finding defendant was not incompetent to stand trial despite a past suicide attempt). Although Whitfield had previously been determined incompetent to stand trial, two subsequent reviews found him competent. The Florida Supreme Court has set a standard for competency determinations:
The test for whether a defendant is competent to stand trial is “whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.”
Peede v. State, 955 So.2d 480, 488 (Fla. 2007) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (I960)).
The trial court found Whitfield was competent to proceed and there is nothing in this record to refute the trial court’s finding. Whitfield has submitted supplemental authority in the form of Avilesrosario v. State, 152 So.3d 851 (Fla. 4th DCA 2014). There, the appellate court reversed that trial court’s refusal to conduct a competency hearing based on the defendant’s previous mental illness, his recent suicide attempt, and defense counsel’s inability to communicate with him. Id. at 854. In Whitfield’s case, he was twice held competent. Although defense counsel represented to the trial court that Whitfield was “a little down” after receiving bad news, not *747 an uncommon reaction, nothing suggested that communication between client and defense counsel was impaired. In fact, the bad news defense counsel communicated to Whitfield was that a DNA test matched blood found on Whitfield’s pants to the victim. There is nothing in the record other than the attempted suicide report to suggest incompetency. In short, there is no reason for us to hold that the trial court abused its discretion in this case.
Whitfield further argues the trial court erred in overruling his objection to the State’s authentication predicate for admitting a 911 recording into evidence under the excited utterance exception to the hearsay rule. This alleged error, if error, was harmless.
AFFIRMED IN PART; REVERSED IN PART; REMANDED TO CORRECT JUDGMENT.
TORPY, C.J. and PALMER, JJ., concur.