IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CLIFTON BROOKS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1073

Opinion filed December 4, 2015.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Nancy A. Daniels, Public Defender, and Joanna Aurica Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Clifton Brooks appeals his convictions and sentences for sexual battery on a person less than 12 years of age and lewd or lascivious molestation of a child less than 12 years of age. Among other arguments raised on appeal, Brooks asserts that

the trial court failed to order an evaluation to determine his competency and failed to inform him of his right to counsel prior to imposing sentence.

Prior to trial, Brooks's public defender filed a Suggestion of Mental Incompetence to Proceed, requesting that the court issue an order for Brooks to be examined by a court-appointed expert to determine mental competency. The motion alleged that Brooks exhibited inappropriate behavior in the presence of counsel and the court, appeared disoriented as to time and place, could not aid in the preparation of his defense, did not appear to appreciate the nature of the charges against him or the possible penalties, did not appear to understand the adversarial nature of the legal process or the role of defense counsel, was unable to disclose pertinent facts surrounding the alleged offenses, and was "very agitated, cannot discuss facts of his case, talks to himself, is paranoid and fixated on issues that are unrelated to his case."

At a subsequent hearing, the public defender informed the court, under oath, that when she visited Brooks, he was aggressive, talked to the wall, and danced to music that was not playing. The presiding judge stated he was concerned with counsel's allegations and that, based on the court's own observations of Brooks, there was a basis for concern. The State concurred that an evaluation was required and the judge orally granted a motion for continuance so an evaluation could be conducted. But there is nothing in the record to indicate an evaluation ever occurred,

2

and after a new judge and new defense counsel were assigned to the case, no further requests for an evaluation appear to have been made.

"[O]nce a trial court has reasonable grounds to question competency, the court 'has no choice but to conduct a competency hearing.'" *Cotton v. State*, 40 Fla. L. Weekly D2300, D2230 (Fla. 1st DCA Oct. 12, 2015) (quoting *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011)); *see* Fla. R. Crim. P. 3.210(b). If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial. *Reynolds v. State*. 40 Fla. L. Weekly D2253, D2253 (Fla. 1st DCA Oct. 6, 2015) (citing *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014)). A *nunc pro tunc* competency evaluation can be done where "there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing." *Dougherty*, 149 So. 3d at 679 (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986)).

Because there is no indication that the trial court conducted a competency hearing or ruled on Brooks' competency, we are compelled to reverse the judgments and sentences. On remand, the court shall hold a hearing to determine Brooks's competency to stand trial. If there is evidence that existed previously which supports

a finding that Brooks was competent at the time of trial, the court may make a determination of competency, *nunc pro tunc*, with no change in the judgment. *See Cotton*, 40 Fla. L. Weekly at D2300. However, if the court cannot make a retroactive determination, it must properly adjudicate Brooks's present competency and, if Brooks is competent to proceed, conduct a new trial. *See id.*; *see also Mason*, 489 So. 2d at 737 ("Should the trial court find, for whatever reason, that an evaluation of [the defendant's] competency at the time of the original trial cannot be conducted in such a manner as to assure [the defendant] due process of law, the court must so rule and grant a new trial.").

If the trial court is able to make a competency determination *nunc pro tunc*, and no new trial is needed, the court nonetheless must conduct a new sentencing hearing. Brooks waived his right to counsel and represented himself at trial. When he was found guilty of the previously mentioned charges, the court sentenced him to two concurrent life sentences. However, prior to imposing sentence, the court failed to inform Brooks, who was still acting *pro se*, of his right to be represented by counsel at sentencing.

> While a full *Faretta* [*v. California*, 422 U.S. 806 (1975)] inquiry need not be conducted at every stage of criminal proceedings, once counsel has been waived under *Faretta*, the offer of assistance of counsel must be renewed by the court at each critical state of the proceedings. *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992) (holding that a critical stage of trial is "any stage that may significantly affect the outcome of the proceedings"). Sentencing is a

4

> critical stage of a criminal proceeding. *See, e.g.*, *Beard v. State*, 751 So. 2d 61, 62 (Fla. 2d DCA 1999).

*Cuyler v. State*, 131 So. 3d 827, 828 (Fla. 1st DCA 2014). "Failure to renew the offer of counsel at a critical stage and conduct a *Faretta* inquiry if the defendant rejects the renewed offer is *per se* reversible error." *Howard v. State*, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014). Brooks therefore must be resentenced if no new trial takes place.

REVERSED and REMANDED with directions.


MARSTILLER, RAY and SWANSON, JJ., CONCUR.