IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SERGIO DUPREE MOORER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5040

Opinion filed March 4, 2016.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Tallahassee, for Appellee.

SWANSON, J.

     Appellant appeals from his judgments and sentences for first-degree murder and grand theft of an automobile. He contends the trial court erred in failing to hold a competency hearing prior to trial. We agree and reverse.

On September 13, 2011, the Escambia County Grand Jury returned an indictment charging appellant, Sergio Dupree Moorer, with the August 21, 2011, premeditated murder of John D. Hall, by beating him and setting him on fire. He was also charged with the theft of Hall's automobile. The state sought the death penalty and appellant filed a notice of intent to rely on an insanity defense. In addition, the state filed a motion to appoint an expert to evaluate appellant, believing a competency evaluation would be necessary based on appellant's "bizarre courtroom behavior" at a previous hearing, his obvious inability to communicate with his defense attorney, his letters to the judge revealing he was fighting possession by a demon, and his history of mental health problems. On February 22, 2013, the trial court granted the state's motion and appointed Dr. Lawrence Gilgun to conduct the evaluation. Dr. Gilgun filed a report in which he concluded appellant was *incompetent* to proceed to trial.

In light of Dr. Gilgun's report, at a pre-trial conference held on March 1, 2013, the state requested a second expert be appointed. On March 20, 2013, the trial court issued an order appointing Dr. John Bingham to evaluate appellant's competency. On April 15, 2013, Dr. Bingham filed a report finding appellant *competent* to stand trial. In light of the conflicting reports, during a May 6, 2013, status conference, defense counsel and the state agreed it would be necessary for the trial court to set a date to hold a competency hearing; yet, no competency

2

hearing was ever held. Instead, fifteen months later, in August 2014, appellant went to trial and was found guilty by a jury of the above-referenced crimes. The jury recommended appellant be sentenced to life imprisonment without the possibility of parole on the murder charge. The trial court adjudicated appellant guilty and sentenced appellant in accordance with the jury's recommendation to life imprisonment without parole, adding a consecutive five-year sentence on the charge of grand theft auto. This appeal followed.

Florida Rule of Criminal Procedure 3.210(b) provides:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

It has been held to be "a due process violation to proceed against an incompetent criminal defendant." Cotton v. State, 177 So. 3d 666, 667-68 (Fla. 1st DCA 2015) (citing Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014)). For that reason, and as dictated by rule 3.210(b), "once a trial court has reasonable grounds to question competency, the court '*has no choice but to conduct a competency hearing*.'" Id. at 668 (quoting Monte v. State, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011)) (emphasis added). See also Brooks v. State, 40 Fla. L. Weekly D2690, 2691 (Fla.

3

1st DCA Dec. 4, 2015); <u>Reynolds v. State</u>, 177 So. 3d 296 (Fla. 1st DCA 2015) (citing <u>Cochran v. State</u>, 925 So. 2d 370 (Fla. 5th DCA 2006)). As was stressed in <u>Cochran</u>, "once the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held." <u>Id.</u> at 373. Moreover, Florida Rule of Criminal Procedure 3.212(b) requires that the trial court enter a written order "memorializing its finding of competency or incompetency." <u>Reynolds</u>, 177 So. 3d at 298 (citing <u>Dougherty</u>, 149 So. 3d at 677 (explaining that if the trial court finds the defendant competent, "it must enter a written order so finding")).

Furthermore, there is no legal basis to support the state's suggestion on appeal that once the trial court was in receipt of Dr. Bingham's report claiming appellant was competent, there was no longer a need to consider appellant's competency. Not only does that argument fly in the face of the above-cited authorities, it disregards the May 6, 2013, agreement between the state and defense counsel that a competency hearing was required. Lastly, we note nothing in the record points to the waiver of a competency hearing. <u>Cf.</u> <u>Thomas v. State</u>, 894 So. 2d 1000 (Fla. 1st DCA 2005) (finding waiver where defense counsel affirmatively agreed with the defendant's desire to proceed to trial without further competency proceedings).

4

Based on our analysis, we are compelled to reverse appellant's judgments and sentences. On remand, the trial court shall hold a hearing to determine appellant's competency to stand trial. If, however, there is evidence that existed previously which would have supported a finding that appellant was competent at the time of trial, the court may make a determination of competency, *nunc pro tunc,* with no change in the judgment. Brooks, 40 Fla. L. Weekly at D2691; Reynolds, 177 So. 3d at 299. We caution, though, that this remedy "is dependent 'on the circumstances of each case.'" Brooks, 40 Fla. L. Weekly at D2691 (quoting Dougherty, 149 So. 3d at 678-79). As we held in Brooks, "[w]e leave that decision to the trial court." Id.

REVERSED and REMANDED for further proceedings consistent with this opinion.


LEWIS and WINOKUR, JJ., CONCUR.