IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PEDRO JUAN ALCAZAR,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Petitioner,

v.

CASE NO. 1D16-2785

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed October 19, 2016.

Petition Alleging Ineffective Assistance of Appellate Counsel -- Original Jurisdiction.

Luke Newman of Luke Newman, P.A., Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition alleging ineffective assistance of appellate counsel is granted. We reverse petitioner's judgment and sentence, and remand for the trial court to hold a

nunc pro tunc hearing to determine petitioner's competency to stand trial.  See Thomas

v. State, 189 So. 3d 331 (Fla. 1st DCA 2016); Brooks v. State, 180 So. 3d 1094, 1096

(Fla. 1st DCA 2015).  As in Brooks:

> If there is evidence that existed previously which supports a finding that [petitioner] was competent at the time of trial, the court may make a determination of competency, *nunc pro tunc*, with no change in the judgment.  However, if the court cannot make a retroactive determination, it must properly adjudicate [petitioner's] present competency and, if [petitioner] is competent to proceed, conduct a new trial.

Brooks, 180 So. 3d at 1096 (citations omitted).

ROBERTS, C.J., MAKAR and BILBREY, JJ., CONCUR.