PER CURIAM.
The petition alleging ineffective assistance of appellate counsel is granted. We reverse petitioner’s judgment and sentence, and remand for the trial court to hold a nunc pro tunc hearing to determine petitioner’s competency to stand trial.' See Thomas v. State, 189 So.3d 331 (Fla. 1st DCA 2016); Brooks v. State, 180 So.3d 1094, 1096 (Fla. 1st DCA 2015). As in Brooks:
If there is evidence that existed previously which supports a finding that [petitioner] was competent at the time of trial, the court may make a determination of competency, nunc pro tunc, with no change in the judgment. However, if the court cannot make a retroactive determination, it must properly adjudicate [petitioner’s] present competency and, if [petitioner] is competent to proceed, conduct a new trial.
Brooks, 180 So.3d at 1096 (citations omitted).
ROBERTS, C.J., MAKAR and BILBREY, JJ., concur.