PER CURIAM.
The petition alleging ineffective assistance of appellate counsel is granted. Following the procedure set forth in Brooks v. State, 180 So.3d 1094, 1096 (Fla. 1st DCA 2015), and followed in Thomas v. State, 189 So.3d 331, 332 (Fla. 1st DCA 2016), we reverse Thurman’s judgment and sentence and order finding violation of probation, and remand for the trial court to hold a nunc pro tunc hearing to determine his competency to stand trial comporting with the requirements of the Florida Rules of Criminal Procedure. As outlined in Brooks:
If there is evidence that existed previously which supports a finding that [Thurman] was competent at the time of trial, the court may make a determination of competency, nunc pro tunc, with no change in the judgment.... However, if the court cannot make a retroactive determination, it must properly adjudicate [Thurman’s]- present competency and, if [Thurman] is competent to proceed, conduct a new [violation of probation hearing].
Brooks, 180 So.3d at 1096 (citations omitted).
PETITION GRANTED; REMANDED.
B.L. THOMAS, RAY, and OSTERHAUS, JJ., concur.