IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3387

PRESTON PAMPHILE,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed May 2, 2017.

Petition – Ineffective Assistance of Appellate Counsel – Original Jurisdiction.

Preston Pamphile, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Respondent.

KELSEY, J.

      Petitioner argues his appellate counsel ineffectively handled his direct appeal in four ways. We find three of Petitioner's arguments meritless, and deny his petition as to those grounds; but we agree with the State's proper concession of error on the question of establishing Petitioner's competency.

Petitioner's trial counsel requested a competency evaluation, and the trial court appointed an expert to evaluate Petitioner and submit a report. The court set a hearing on the issue. However, the expert's report was not filed with the court, the issue was not addressed at the scheduled hearing nor any other hearing, and the trial court did not expressly adjudicate Petitioner's competency. We must, therefore, reverse Petitioner's judgments and sentences, pending further proceedings on remand.

On remand, the court may make a *nunc pro tunc* competency determination if there is evidence to support a finding that Petitioner was competent at the time of trial. *See Dougherty v. State*, 149 So. 3d 672, 678-79 (Fla. 2014) (approving remand for *nunc pro tunc* determination of competency if possible); *Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015) ("[A] new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial." (citing *Reynolds v. State*, 177 So. 3d 296, 298 (Fla. 1st DCA 2015))). If the trial court can make this determination, no change to Petitioner's judgments or sentences is required.

If the court cannot make this retroactive determination, it must adjudicate Petitioner's present competency to stand trial; and if the court determines him presently competent, then conduct a new trial. *Brooks*, 180 So. 3d at 1096; *Cotton v. State*, 177 So. 3d 666, 668-69 (Fla. 1st DCA 2015). The remedy is "dependent

2

on the circumstances of each case." *Id*. at 669 (quoting *Dougherty*, 149 So. 3d at 678-79).

Accordingly, we GRANT the petition as to the issue of Petitioner's competency only; and REMAND the case to the trial court for further proceedings. Otherwise the petition is DENIED.

ROWE and JAY, JJ., CONCUR.