IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EDDIE JERMAIN WILLIAMS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1812

_____/

Opinion filed May 25, 2017.

An appeal from the Circuit Court for Escambia County.
Frank Bell, Judge.

Andy Thomas, Public Defender, and David A. Henson, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, for Appellee.


PER CURIAM.

Eddie Jermain Williams seeks review of his conviction and sentence for robbery. He asserts that the court failed to determine his competency to stand trial after having reason to question whether he was competent. The state concedes that reversal is warranted. We agree and reverse.

Prior to trial, Appellant's counsel filed a Motion to Appoint Expert(s) for Competency Evaluation, asserting that Appellant was unable to communicate with counsel about the facts of his case and understand the nature of the charges against him. The trial court appointed an expert to evaluate Appellant for competency to proceed. However, the record lacks any expert reports or findings of the trial court related to Appellant's competency prior to trial.

"It is a due process violation to proceed against an incompetent criminal defendant." *Cotton v. State*, 177 So. 3d 666, 668 (Fla. 1st DCA 2015). If, after having reasonable grounds to question a defendant's competency, "the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required." *Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015). On remand, the trial court shall make a written determination as to whether Appellant was competent to stand trial. "If there is evidence that existed previously which supports a finding that [Appellant] was competent at the time of trial, the court may make a determination of competency, *nunc pro tunc*, with no change in the judgment." *Id.* at 1096. If the court cannot retroactively determine Appellant's competency at the time of the first trial, however, then it shall evaluate Appellant's present competency and, if he is competent to proceed, conduct a new trial. *See id.*

REVERSED and REMANDED with directions.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.

2