Per Curiam.
Roberto Jesus Perez challenges the trial court's failure to conduct a competency hearing. His attorney moved to have a psychiatric evaluation performed, which the trial court ordered. A psychiatrist conducted the evaluation and prepared a written report, but nothing in the record shows that a competency hearing was held on the matter, which was error. See e.g. , Moorer v. State , 187 So.3d 315, 317 (Fla. 1st DCA 2016) (quoting Cochran v. State , 925 So.2d 370 (Fla. 5th DCA 2006) ) ("once the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held"). Because a hearing should have been held, but was not, reversal is required.*
*1159 On remand, the trial court shall conduct a nunc pro tunc evaluation of the defendant's competency at the time of trial; a new trial is required if the court is unable to make this evaluation. Dougherty v. State , 149 So.3d 672, 679 (Fla. 2014) (stating that a new trial is unnecessary where a retroactive determination of competency is possible); see also Brooks v. State , 180 So.3d 1094, 1095 (Fla. 1st DCA 2015) ("If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial is required only if the trial court is unable to conduct a nunc pro tunc evaluation of the defendant's competency at the time of the original trial.").
Rowe, Makar, and Bilbrey, JJ., concur.

Though Perez's motion did not specify whether it was based on Rule 3.210 or Rule 3.216, Florida Rules of Criminal Procedure, the context of the motion (which was not made for the purpose of assisting counsel) and language of the order (which provided that a written report be provided to the court ), make clear it was under the authority of Rule 3.210, not Rule 3.216 (where the motion is made "in order to assist counsel in the preparation of the [insanity] defense," and where "the expert shall report only to the attorney"). A hearing is required as to the former under Moorer , but not the latter. See Atwater v. State , No. 16-3174, (Jan. 2, 2018) (motion under Rule 3.216(b) for a "confidential expert evaluation was made as a precautionary measure and was insufficient to trigger a mandatory competency hearing under Rule 3.210(b).").