# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-1394

_____

GEROME BERRY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

February 9, 2018

KELSEY, J.

On appeal from a judgment and sentence for selling cocaine within 1000 feet of an assisted living facility, Appellant argues that the trial court erred by failing to hold a competency hearing and adjudicate Appellant competent to stand trial. We agree with this argument, reject Appellant's other arguments without further comment, and remand for the trial court to adjudicate Appellant's competence to stand trial.

The record reflects that Appellant's trial counsel filed a suggestion of incompetence before trial, citing Appellant's age, distrust of counsel and of the legal process, and paranoia about defense counsel's colluding with the prosecutor. The trial court promptly ordered an expert examination of Appellant. Thereafter, defense counsel cited the same issues as grounds for a

motion to withdraw, which was granted; and new counsel took over. The record then falls silent about Appellant's competence. There is no indication that the expert's report was filed, that the court conducted a hearing, or that the court adjudicated Appellant competent. This failure to hold a hearing and adjudicate competence is reversible error.

"A criminal defendant has a procedural due process right to the observance of procedures adequate to protect his or her right not to be tried or convicted while incompetent to stand trial." *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) (citing *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014)). The test for competence is whether a defendant can consult with his attorney with a reasonable degree of rationality and whether he understands the nature of the proceedings against him. *Mairena v. State*, 6 So. 3d 80, 85 (Fla. 5th DCA 2009) (quoting *Hill v. State*, 473 So. 2d 1253, 1257 (Fla. 1985)). Defendants' attorneys are in a unique position to comment on both of these factors, which is why their expressed doubts as to their client's competency are given such great weight in determining whether a hearing is required. *See Avilesrosario v. State*, 152 So. 3d 851, 854 (Fla. 4th DCA 2014) (citing *Calloway v. State*, 651 So. 2d 752, 754 (Fla. 1st DCA 1995)).

The trial court must "observe the specific hearing requirements set forth in [Florida Rules of Criminal Procedure 3.210–.212]." *Dougherty*, 149 So. 3d at 676. The rules provide that a court *shall* set a competency hearing within twenty days if "defense counsel, the state, or the trial court has reasonable grounds to suggest that a defendant is not mentally competent to proceed." *Mairena*, 6 So. 3d at 85 (citing Fla. R. Crim. P. 3.210(b)); *accord Zern*, 191 So. 3d at 964 (citing *Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015)); *Avilesrosario*, 152 So. 3d at 854 (citing Fla. R. Crim. P. 3.210(b)). The trial court has discretion in determining whether the circumstances, including counsel's representations, create the required "reasonable grounds." *Rodgers v. State*, 3 So. 3d 1127, 1132 (Fla. 2009) (citing rule 3.210(b)). The trial court's determination of reasonable grounds is reviewed for abuse of discretion. *Rodgers,* 3 So. 3d at 1132.

2

In this case, the trial court appropriately ordered a competency evaluation based on trial counsel's fact-based, good faith suggestion of incompetence. The trial court was required to hold a competency hearing and enter a written order adjudicating Appellant competent before he could be tried. It appears, however, that the change of counsel may have caused the issue to fall between the cracks, resulting in reversible error.

This error does not necessarily require a new trial, however. This Court has previously held that "[t]he trial court may make a retroactive determination of competency with no change in Appellant's judgment or sentence, if the evidence that existed prior to the hearing on Appellant's charges supports a finding that he was competent at that time." *Cotton v. State*, 177 So. 3d 666, 668–69 (Fla. 1st DCA 2015). "If the trial court cannot make a retroactive determination, it must properly adjudicate Appellant's present competency and, if the court finds Appellant competent to proceed," conduct a new trial. *Id.* at 669.

REVERSED and REMANDED.

WOLF and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.