# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4805

_____

JESSE A. JOHNSON,

 Petitioner,

v.

STATE OF FLORIDA,

 Respondent.

_____

Petition Alleging Ineffective Assistant of Appellate Counsel—
Original Jurisdiction

January 22, 2019

PER CURIAM.

Jesse A. Johnson raises numerous claims asserting that his appellate counsel handled his previous appeal in an ineffective manner. In 2015, we affirmed Mr. Johnson's conviction for burglary of a dwelling with a battery, child abuse, battery, and petit theft. *See Johnson v. State*, 177 So. 3d 254 (Fla. 1st DCA 2015). In one respect, we agree with Mr. Johnson that his appellate counsel was ineffective. We grant the petition because appellate counsel did not address the trial court's failure to hold a hearing, or to rule on Mr. Johnson's competency. We otherwise deny the petition.

During the trial court proceedings, the judge on his own motion ordered that Mr. Johnson be evaluated for competency. *See*

Florida Rule of Criminal Procedure 3.210(b). When a court has reasonable grounds to question a defendant's competency, "the rules of criminal procedure require the trial court to hold a hearing." *Reynolds v. State*, 177 So. 3d 296, 297 (Fla. 1st DCA 2015). *See also McCants v. State*, 395 So. 2d 278, 279 (Fla. 1st DCA 1981) ("[T]he trial court has the responsibility to conduct a hearing for competency to stand trial whenever it reasonably appears necessary, whether requested or not."). If a court fails to hold a competency hearing under these circumstances, reversal is required. *Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015).

Here, the record shows that after raising concerns about Mr. Johnson's competency, the trial court ordered a competency evaluation. But the court did not hold the requisite hearing, or make an independent competency determination as required by Rule 3.210(b) and the cases. At a subsequent hearing, the court asked whether the competency evaluation had been completed, but it never held a competency hearing, or made a finding that Mr. Johnson was competent to proceed. This was reversible error. *Brooks*, 180 So. 3d at 1095. Also, under our cases, the failure to raise this meritorious claim on appeal constitutes ineffective assistance of appellate counsel. *See Pamphile v. State*, 216 So. 3d 765 (Fla. 1st DCA 2017). Accordingly, we grant the petition on this issue. On remand, the court may make a *nunc pro tunc* determination of competency that Mr. Johnson was in fact competent to stand trial. If the court cannot make such a *nunc pro tunc* determination, however, then it shall grant a new trial.

Accordingly, we GRANT the petition as to the competency issue and REMAND for further proceedings. The petition is otherwise DENIED.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jesse A. Johnson, Petitioner, pro se

Ashley Brooke Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Respondent.