# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4462

_____

PEDRO JUAN ALCAZAR,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

July 22, 2019

KELSEY, J.

Appellant was charged with six counts of vehicular homicide in 2010, arising out of a horrendous traffic accident in which there was evidence from which the jury could conclude that he was driving recklessly at over ninety miles per hour in a sixty-five-mile-per-hour zone. Witnesses saw him cutting in and out of traffic with his seat laid back, his music turned up, his hand out his window, and himself bouncing around in his seat. While attempting to cut between a van in the right lane and a small sedan in the left lane, he lost control of his car and hit the sedan, causing it to spin across the median into oncoming traffic—where it was hit, flipped, and run over by a Ford F350 pick-up truck with forty-nine-inch tires, pulling a twenty-four-foot flatbed trailer. All six occupants of the small car were killed. They were all related to one another, including four children, ages four (twins), twelve, and sixteen. It was Good Friday, and they were

on their way to a family reunion. Appellant, whose car also crossed over the median into oncoming traffic and spun around, was unharmed. Multiple witnesses and abundant forensic and accident-reconstruction evidence placed the blame squarely on Appellant.

Before trial, Appellant's counsel moved the trial court to appoint an expert to determine whether Appellant was competent to stand trial and whether he was insane at the time of the accident. The trial court noted that it had reasonable grounds to question Appellant's competence, and appointed an expert to evaluate Appellant. The expert, Dr. Krop, evaluated Appellant in 2011 and sent a report directly to the trial judge, finding Appellant competent to proceed. However, we have no record that counsel did anything further on this issue, nor that the trial court held a competency hearing or entered an order finding Appellant competent.

Appellant proceeded to trial in 2014. He discharged his counsel, and at the conclusion of a *Faretta* hearing the trial court conducted a colloquy to determine if Appellant was competent to make a knowing and intelligent waiver of counsel. Appellant denied any mental illness or history thereof. The trial court concluded, "I find that the defendant is competent to discharge his counsel and that his waiver is knowingly and intelligently made." Appellant proceeded to represent himself with standby counsel present. The record before us does not indicate that anyone, including standby counsel and the trial judge, questioned Appellant's competence during trial, directly or indirectly. He was convicted as charged; and the trial court imposed six concurrent sixty-year prison sentences.

Counsel for Appellant on his direct appeal did not raise any issue related to Appellant's competency. We affirmed. *Alcazar v. State*, 166 So. 3d 767 (Fla. 1st DCA 2015) (table). New counsel for Appellant then filed a petition alleging ineffective assistance of appellate counsel, because direct-appeal counsel failed to argue the trial court erred by not holding a competency hearing and entering an order on competency. We granted that petition, remanding "for the trial court to hold a nunc pro tunc hearing to determine petitioner's competency to stand trial." *Alcazar v.*

2

*State*, 201 So. 3d 838, 838 (Fla. 1st DCA 2016) ("*Alcazar II*"). We cited and quoted from our opinion in *Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015), as follows:

> If there is evidence that existed previously which supports a finding that [petitioner] was competent at the time of trial, the court may make a determination of competency, nunc pro tunc, with no change in the judgment. However, if the court cannot make a retroactive determination, it must properly adjudicate [petitioner's] present competency and, if [petitioner] is competent to proceed, conduct a new trial.

*Alcazar II*, 201 So. 3d at 838.

On remand, Appellant's present counsel filed a notice of appearance, but nothing else. Ten months later, without holding a hearing, the trial court entered an order finding Appellant was competent at the time of trial. The order recited the filing of the motion for evaluation, the appointment of Dr. Krop as an expert, and the filing of the expert's report finding Appellant competent. The order attached all of the referenced documents. The trial court noted that, "[s]ubsequent to Dr. Krop's evaluation and prior to trial the question of defendant's competency was not raised and at no time did the Court witness anything to call into question Dr. Krop's conclusions." The order concluded with the trial court's finding that Appellant was competent at the time of trial. No motion for rehearing was filed.

Appellant now challenges the order finding him competent at trial *nunc pro tunc*, arguing first that it was improper for the trial court to enter the order without a hearing. The State concedes error, and we agree. When this Court issues a mandate with specific instructions, the lower tribunal must follow those instructions, and has no discretion or authority to do otherwise. *See Manata v. State*, 226 So. 3d 1027, 1028 (Fla. 1st DCA 2017) (quashing new order, enforcing mandate, and directing trial court to expressly follow this Court's particular directions and mandate without deviation); *Ketcher v. Ketcher*, 198 So. 3d 1061, 1063–64 (Fla. 1st DCA 2016) (quashing new order and enforcing mandate where this Court ordered new findings and considerations on *amount* of alimony, yet trial court reconsidered *type* of alimony).

3

Because the trial court's failure to hold a hearing violated this Court's mandate, and Appellant has now requested a hearing through this appeal, we must reverse and remand for a hearing. After that hearing, if there is evidence from which the court can find Appellant was competent at trial, the court may make a *nunc pro tunc* determination of competency. *See Alcazar II*, 201 So. 3d at 838 (quoting *Brooks*, 180 So. 3d at 1096). If the court cannot make that retroactive determination, and Appellant is presently competent, he is entitled to a new trial. *See id*. We caution that this decision should not be construed as creating precedent requiring in all similar cases a full-blown evidentiary hearing with live witnesses. A brief hearing is sufficient if the issue and the evidence are before the court and the court rules.

We do not pass upon Appellant's second argument, that Dr. Krop's 2011 report finding Appellant competent was stale by the time of the 2014 trial. This is raised for the first time here, and is neither preserved nor fundamental error. *See Bittle v. State*, 245 So. 3d 792, 795 (Fla. 4th DCA 2018) (holding staleness required an objection and was not fundamental error), *review granted*, No. SC18-1676, 2019 WL 1033836 (Fla. Mar. 5, 2019).

REVERSED and REMANDED.

ROBERTS and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Luke Newman of Luke Newman, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General; and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

4