# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0677

_____

JONTEZ L. ANDERSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

September 24, 2020

B.L. THOMAS, J.

Appellant argues that the trial court erred by allowing the victim to testify via closed-circuit television and failing to conduct a proper competency hearing. We affirm Appellant's first argument without further discussion and reverse on his second argument for the following reasons.

This Court reviews the legal question of due process in competency proceedings de novo. *Bowden v. State*, 279 So. 3d 311, 313 (Fla. 1st DCA 2019). "According to Florida Rule of Criminal Procedure 3.210(b) and case law, once the court has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question." *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016). Failure to hold a

competency hearing and enter a written order is fundamental error and requires reversal. *Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018).

Here, prior to trial, Appellant filed a motion to have his competency evaluated. The trial court granted Appellant's motion and appointed Dr. Harry A. McClaren to evaluate Appellant. Dr. McClaren interviewed and evaluated Appellant and provided a written report expressing his finding that Appellant was competent to proceed. After Dr. McClaren provided his evaluation, no evidentiary hearing occurred and no written order regarding Appellant's competency was entered.

"If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial." *Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015). Because the trial court failed to conduct an evidentiary hearing and issue a written order on Appellant's competency, this Court must reverse and remand for the trial court to conduct a *nunc pro tunc* evaluation of Appellant's competency or conduct a new trial. *Id.* at 1096.

REVERSED and REMANDED.

LEWIS and BILBREY, JJ., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

Candace K. Brower, Criminal Conflict & Civil Regional Counsel, and Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

2

Ashley Moody, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.