# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3488
LT Case No. 2021-CF-003122-A

_____

KEVIN BLESSIT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Robert William Hodges, Judge.

Matthew J. Metz, Public Defender, and Evan Altes, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Stephen R.
Putnam Jr., Assistant Attorney General, Daytona Beach, for
Appellee.


January 2, 2026


PER CURIAM.

    Kevin Blessit appeals his judgment and sentence, contending
that after he was found incompetent to proceed with his trial, he
was subsequently tried and convicted by a jury without the trial
court first holding a hearing to determine whether his competence

had been restored. Blessit was adjudicated incompetent by the trial court in February 2022, but the trial court held no subsequent hearing to determine Blessit's competency before Blessit's case proceeded to trial in November 2024, which resulted in his convictions. Blessit argues that the trial court fundamentally erred in proceeding to trial without finding Blessit's competency had been restored, contending that his due process rights were violated as he was presumed incompetent to stand trial. The State properly concedes fundamental error.

"After a defendant has been adjudicated incompetent, a hearing is necessary to overcome the presumption of incompetency and find the defendant competent." *Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 2017). Where a trial court fails to observe the procedures outlined in Florida Rules of Criminal Procedure 3.210–3.212—"procedures determined to be adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial"—the supreme court determined that "the remedy for such a violation, a new trial or a nunc pro tunc hearing to determine competency, depends on the circumstances of each case." *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014).

Because the trial court erred in not making an independent determination that Blessit was competent to proceed to trial, we reverse and remand with instructions to the trial court to make a nunc pro tunc determination of competence at the time of trial, or, if a nunc pro tunc determination is not possible, to grant a new trial, ensuring that Blessit is competent to proceed. *See id.*; *see also Johnson v. State*, 264 So. 3d 259, 260 (Fla. 1st DCA 2019).

REVERSED and REMANDED with instructions.

MAKAR, EDWARDS, and MACIVER, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

2